IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL DEWAYNE BURTON,<br><br>Defendant. | CR 16-32-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Michael Dewayne Burton (Burton) has been accused of violating the conditions of his supervised release. (Doc. 180). Burton admitted alleged violations 1, 2, part of 3, 5 and 6. Burton's supervised release should be revoked. Burton should be sentenced to custody for 7 months, with no term of supervised release to follow. Burton shall receive credit for time served since the date of his arrest in North Dakota on January 10, 2025, and shall serve his custodial sentence at FCI Sandstone.

## II.   Status

Burton plead guilty on September 26, 2016, to the offense of Possession With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841 (a)(1) and 18

U.S.C. § 2 as charged in Count 1 of the Second Superseding Indictment. (Doc. 125). Burton was sentenced to 102 months of custody, with 4 years of supervised release to follow. (Doc.157). Burton's current term of supervised release began on June 29, 2023.

### Petition

On January 16, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Burton's supervised release. (Doc. 180). The Petition alleged Burton violated conditions of his supervised release by: (1) testing positive for marijuana on August 29, 2024; (2) testing positive for marijuana on October 2, 2024; (3) testing positive for marijuana and methamphetamine on October 22, 2024; (4) failing to report for substance abuse testing on November 21, 2024, December 12, 2024, December 30, 2024 and January 7, 2025; (5) using marijuana on or about November 12, 2024; (6) leaving the District of Minnesota, his assigned federal judicial district, on January 10, 2025 without permission; and (7) committing another federal, state or local crime by being charged on January 10, 2025, with the felony offense of Possession of a Controlled Substance of 50 grams or more of Methamphetamine, in violation of North Dakota Statute §§ 19-03.1-23(7) and 19-03.1-07(5)(c) and with the misdemeanor offense of Possession of Drug Paraphernalia, in violation of North Dakota Statute § 19-03.4-032(2).

**Initial Appearance**

Burton appeared before the Court on March 25, 2025. Burton was represented by counsel. Burton stated that he had read the Petition and that he understood the allegations against him. Burton waived his right to a preliminary hearing.

**Revocation hearing**

Burton appeared before the Court on March 25, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Burton admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) testing positive for marijuana on August 29, 2024; (2) testing positive for marijuana on October 2, 2024; (3) testing positive for marijuana on October 22, 2024; (5) using marijuana on or about November 12, 2024; and (6) leaving the District of Minnesota, his assigned federal judicial district, on January 10, 2025 without permission. The Government moved to dismiss the part of allegation of (3) related to Burton's use of methamphetamine, and allegations (4) and (7), which the Court granted. Burton's admitted violations 1, 2, part of 3, 5 and 6 are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Burton appeared before the Court on March 25, 2025. Burton's violations are Grade C. His criminal history category is V. Burton's underlying offense is a Class B felony. Burton could be incarcerated for up to 36 months. Burton could be

ordered to remain on supervised release for 48 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

## III.  Analysis

Burton's supervised release should be revoked. Burton should be sentenced to custody for 7 months, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary. Burton shall receive credit for time served since the date of his arrest in North Dakota on January 10, 2025, and shall serve his custodial sentence at FCI Sandstone.

## IV.  Conclusion

The Court informed Burton that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Burton of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Burton that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Burton waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That MICHAEL DEWAYNE BURTON has violated the conditions of his supervised release by: (1) testing positive for marijuana on August 29, 2024; (2) testing positive for marijuana on October 2, 2024; (3) testing positive for marijuana on October 22, 2024; (5) using marijuana

on or about November 12, 2024; and (6) leaving the District of Minnesota, his assigned federal judicial district, on January 10, 2025, without permission.

The Court **RECOMMENDS:**

That the District Court revoke Burton's supervised release and sentence Burton to custody for 7 months, with no term of supervised release to follow. The Court further recommends that Burton receive credit for time served since the date of his arrest in North Dakota on January 10, 2025, and that Burton serve his custodial sentence at FCI Sandstone.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of March 2025.

John Johnston
United States Magistrate Judge